IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| EDUCATION LOGISTICS, INC., a Montana corporation and LOGISTICS MANAGEMENT, INC., a Washington corporation, | ) ) ) ) ) ) | CV 07–06–M–DWM |
| Plaintiffs, | ) ) | |
| vs. | ) ) | ORDER |
| LAIDLAW TRANSIT, INC., a Delaware corporation, | ) ) ) ) | |
| Defendant. | ) ) | |

Both parties have filed motions in limine. (dkt # 212, 216, 218). The plaintiffs (collectively, "Edulog") ask the Court to exclude: (1) references to the first lawsuit filed between the parties; (2) Edulog's claim that the Best Efforts Provision in the 1992 Agreement is not irrevocable and perpetual; (3) evidence of other lawsuits filed, or claims made, against Edulog; and (4) references to documents that are protected by the attorney-client privilege but were inadvertently disclosed by Edulog. The defendants, on the other hand, ask the Court to exclude two expert witnesses and testimony on a dozen other matters

1

ranging from discovery to financial hardships allegedly suffered by Edulog.

The Court grants the motions in part, denies them in part, and dismisses them in part. Because the parties are familiar with the facts of this case, they are discussed here only as necessary to explain the Court's decision.

## MOTION IN LIMINE STANDARD

Courts have "wide discretion" in considering and ruling upon a motion in limine. *Ficek v. Kolberg-Pioneer, Inc.*, 2011 WL 1316801 at *1 (D. Mont. Apr. 5, 2011) (citing *Trichtler v. Co. of Lake*, 358 F.3d 1150, 1155 (9th Cir. 2004)). But a Court will grant a motion in limine and exclude evidence only if the evidence is "inadmissible on all potential grounds." *BNSF Ry. v. Quad City Testing Laboratory, Inc.*, 2010 WL 4337827 at *1 (D. Mont. Oct. 26, 2010) (citations and internal quotation marks omitted). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Id.* (citations and internal quotation marks omitted). "This is because although rulings on motions in limine may save time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Id.* (citations and internal quotation marks omitted).

## ANALYSIS

**I.     Edulog's motion in limine**

**A.     Reference to the first lawsuit between the parties**

Edulog asks the Court to bar Laidlaw from referencing the outcome, resolution, or dismissal of a prior lawsuit between Edulog and Laidlaw (CV-02-183-M-DWM). Edulog argues that the previous lawsuit is irrelevant to this lawsuit and would only prejudice Edulog and confuse or mislead the jury. *See* Fed. R. Evid. 402, 403. Edulog offers no explanation for this conclusion. As Laidlaw correctly asserts, earlier lawsuits might be relevant in some instances. In particular, evidence offered in the first lawsuit (e.g., deposition testimony) might have a bearing on this case. The bottom line, though, is that the Court does not yet know the context in which the evidence will be introduced and, thus, it reserves its ruling on this issue until trial. *See BNSF Ry.*, 2010 WL 4337827 at *1.

**B.     Laidlaw's argument regarding the Best-Efforts Provision**

Edulog next asks the Court to preclude Laidlaw from arguing that the Best Efforts Provision (Section 2.3.3 of the Agreement) is not "perpetual and irrevocable." Edulog's request is moot in light of the Court's March 8, 2012, order granting summary judgment in favor of Edulog on this point. *See* (dkt # 252). In that order, the Court determined that the Best Efforts Provision is perpetual,

irrevocable, and enforceable. As the Court stated in its order, it "treats this fact as 'established in the case' under Federal Rule of Civil Procedure 56(g)." To the extent that Edulog asks the Court to address any other rights or obligations under this Provision, the Court defers its ruling on that request until trial.

**C.     Reference to other lawsuits or claims made against Edulog**

Edulog asks the Court to bar Laidlaw from referencing other litigation or claims not involving Laidlaw. Edulog argues those proceedings are irrelevant, prejudicial, and would confuse or mislead the jury. *See* Fed. R. Evid. 402, 403. Laidlaw counters that this evidence includes evidence of a wrongful discharge claim, where an employee was wrongfully discharged "in retaliation for his whistleblowing disclosure that Edulog was illegally using Microsoft software without purchasing licenses." Depending on the context in which it is offered, this information could arguably be relevant. But the Court reserves its ruling on this evidence until trial. *See BNSF Ry.*, 2010 WL 4337827, at *1.

**D.     Reference to privileged documents**

Finally, Edulog asks the Court to bar Laidlaw from referencing 12 documents that are protected by the attorney-client privilege but were inadvertently disclosed earlier in the litigation:

1.     10/22/1993 Letter to Hien Nguyen from Gregory L. Hanson of

4

Garlington, Lohn & Robinson (Bates Nos. 00016-17);

2. 10/22/1993 Letter to Hien Nguyen from Gregory L. Hanson of Garlington, Lohn & Robinson (Bates Nos. 00018-19);

3. 10/22/1993 Letter to Hien Nguyen from Gregory L. Hanson of Garlington, Lohn & Robinson (Bates Nos. 00020-21);

4. 1/26/1999 Memo to Dennis Lind from John Mudd of Datsopoulos, MacDonald & Lind, P.C. (Bates Nos. 00069-78);

5. 1/26/1999 Letter to Clint Rooley from Dennis Lind of Datsopoulos, MacDonald & Lind, P.C. (Bates Nos. 00079-80);

6. 09/13/1999 Draft Letter from Dennis Lind, of Datsopoulos, MacDonald & Lind, P.C. (Bates Nos. 00081-82);

7. 06/17/1999 Draft of Letter to Martin K. Denyes at Fasken Campbell Godfrey from Sanders, Cline (Bates Nos. 00083-84);

8. 06/17/1999 Draft Letter to Martin K. Denyes at Fasken Campbell Godfrey from Sanders, Cline (Bates Nos. 00085-88);

9. 09/24/1999 Letter to Clint Rooley from Dennis Lind (Bates Nos. 00089);

10. 08/22/2000 Memo to Dennis Lind from John Mudd of Datsopoulos, MacDonald & Lind, P.C., re *Edulog v Laidlaw* (Bates Nos. 00157-00158);

11. 10112/2001 [sic] Letter to Clint Rooley from Stefan Farr of Datsopoulos, MacDonald & Lind, P.C. (Bates Nos. 00159); and

12. 07/03/2002 Letter to Clint Rooley from Stefan Farr of Datsopoulos, MacDonald & Lind, P.C., w/copy of draft Complaint (Bates Nos. 00160-169).

Laidlaw does not oppose Edulog's request to exclude these documents. Accordingly, the Court grants the motion as to these documents. Laidlaw asks for a reciprocal order, barring Edulog from referencing any privileged documents that Laidlaw might have inadvertently disclosed. The Court will not grant that request, though, absent specific identification of the documents.

## II. Laidlaw's motions in limine

### A. Testimony of Dr. Alan Hess

Laidlaw asks the Court to exclude the testimony of Dr. Alan Hess, whom Edulog hired to analyze its alleged lost profits. Laidlaw's motion is moot in light of the Court's March 8, 2012, order granting summary judgment in favor of Laidlaw as to Edulog's lost-profits claim. (Dkt # 252). In that order, the Court excluded Dr. Hess's testimony. *Id.*

### B. Testimony of Neil Beaton

Laidlaw also asks the Court to exclude the testimony of Neil Beaton. Edulog hired Beaton to analyze its alleged look-up-access damages, as well as Laidlaw's alleged failure to use its best efforts to promote Edulog's software. Laidlaw claims that Beaton's analysis was based on a number of faulty assumptions regarding: (1) access granted prior to the statute of limitations

deadline, (2) installation dates, and (3) the Agreement's royalty provision. The Court discussed each of these issues at length in its March 8, 2012, order. For the reasons given in that order, the issues concerning Beaton's analysis are better left for trial. *See BNSF Ry.*, 2010 WL 4337827, at *1. The Court therefore denies Laidlaw's motion on this point.

C. **Remaining matters**

Finally, Laidlaw asks the Court to exclude evidence on 12 matters covering a wide array of topics. The entirety of Laidlaw's opening brief is a virtual laundry list of evidentiary concerns. But it is only a list—Laidlaw offers no contextual explanations of why it wants the information excluded. For example, Laidlaw writes:

> Any reference to statements made by Laidlaw during settlement negotiations or mediation [should be excluded]. Such statements are *generally* inadmissible under the Federal Rules. Fed. R. Evid. 408(a).

(Emphasis added). The problem with this type of general request is that it is just that—too general and devoid of context. For example, in the excerpt above, without knowing the context in which the evidence is offered, the Court has no way of knowing whether Rule 408(a) would, in fact, apply. Rule 408(a) bars settlement negotiations only to the extent that they are "offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount,

7

or to impeach through a prior inconsistent statement or contraction." Without knowing what evidence is offered and why it is offered, the Court has no way of knowing whether it would be admissible.

The remaining 11 requests suffer from the same problem. In short, the Court has no way of determining whether evidence concerning the 12 matters would be "inadmissible on all potential grounds." *BNSF Ry.*, 2010 WL 4337827 at *1. Consequently, the Court defers its ruling until trial "so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Id.*

IT IS ORDERED that the parties' motions in limine (dkt # 212, 216, 218) are GRANTED IN PART, DENIED IN PART, and DISMISSED IN PART.

The Court GRANTS Edulog's request to exclude testimony or reference to the following documents, which are protected by the attorney-client privilege but were inadvertently disclosed earlier in the litigation:

1. 10/22/1993 Letter to Hien Nguyen from Gregory L. Hanson of Garlington, Lohn & Robinson (Bates Nos. 00016-17);

2. 10/22/1993 Letter to Hien Nguyen from Gregory L. Hanson of Garlington, Lohn & Robinson (Bates Nos. 00018-19);

3. 10/22/1993 Letter to Hien Nguyen from Gregory L. Hanson of Garlington, Lohn & Robinson (Bates Nos. 00020-21);

4. 1/26/1999 Memo to Dennis Lind from John Mudd of Datsopoulos, MacDonald & Lind, P.C. (Bates Nos. 00069-78);

5. 1/26/1999 Letter to Clint Rooley from Dennis Lind of Datsopoulos, MacDonald & Lind, P.C. (Bates Nos. 00079-80);

6. 09/13/1999 Draft Letter from Dennis Lind, of Datsopoulos, MacDonald & Lind, P.C. (Bates Nos. 00081-82);

7. 06/17/1999 Draft of Letter to Martin K. Denyes at Fasken Campbell Godfrey from Sanders, Cline (Bates Nos. 00083-84);

8. 06/17/1999 Draft Letter to Martin K. Denyes at Fasken Campbell Godfrey from Sanders, Cline (Bates Nos. 00085-88);

9. 09/24/1999 Letter to Clint Rooley from Dennis Lind (Bates Nos. 00089);

10. 08/22/2000 Memo to Dennis Lind from John Mudd of Datsopoulos, MacDonald & Lind, P.C., re *Edulog v Laidlaw* (Bates Nos. 00157-00158);

11. 10112/2001 [sic] Letter to Clint Rooley from Stefan Farr of Datsopoulos, MacDonald & Lind, P.C. (Bates Nos. 00159); and

12. 07/03/2002 Letter to Clint Rooley from Stefan Farr of Datsopoulos, MacDonald & Lind, P.C., w/copy of draft Complaint (Bates Nos. 00160-169).

The Court DISMISSES AS MOOT Edulog's request to preclude Laidlaw from arguing that the Best-Efforts Provision (Section 2.3.3 of the Agreement) is not perpetual and irrevocable.

The Court DISMISSES AS MOOT Laidlaw's request to exclude testimony

from Dr. Alan Hess.

The Court DENIES the motions in all other respects and reserves its ruling on those matters until trial.

Dated this 4th day of April 2012.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT