IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| EDUCATION LOGISTICS, INC., a Montana corporation and LOGISTICS MANAGEMENT, INC., a Washington corporation, | ) ) ) ) ) ) | CV 07–06–M–DWM |
| Plaintiffs, | ) ) | |
| vs. | ) ) | ORDER |
| LAIDLAW TRANSIT, INC., a Delaware corporation, | ) ) ) ) | |
| Defendant. | ) ) | |

On November 28, 2011, the plaintiffs (collectively, "Edulog") moved the Court to compel discovery under Federal Rule of Civil Procedure 37. After a hearing, the Court granted that motion in part. (dkt # 244) The Court also ordered Laidlaw to pay Edulog's "reasonable expenses incurred in making its motion to compel, including attorney's fees." *See* Fed. R. Civ. P. 37(a)(5). Edulog then filed its application for attorney's fees and expenses, along with supporting affidavits. The Court grants the application, in part.

Edulog requests $34,862.90 in its application. Most of that

1

amount—$32,085.40—is attributable to Samuel Bull's attorney's fees and expenses. Mr. Bull billed 84.4 hours at $375.00 for a total of $31,650.00 in attorney's fees, and he spent $435.40 on an airplane ticket for the hearing. Edulog's local counsel, Ronald Bender and Matthew Cuffe, billed a total of 12.5 hours at $175.00 per hour and 5.9 hours of legal assistant time at $100.00 per hour. The total expenses for local counsel, then, are $2,777.50.

"The 'lodestar method' is the fundamental starting point in determining a 'reasonable attorney's fee.'" *Christensen v. Stevedoring Servs. of Am.*, 557 F.3d 1049, 1053 (9th Cir. 2009) (quoting *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)). This method "requires the court to multiply the number of hours reasonably expended on litigation by a reasonable hourly rate." *Id.* at n.4 (citations and internal quotation marks omitted).

The lodestar calculation is presumptively reasonable, but courts may adjust the calculation based on a number of "reasonableness factors," including:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar

cases.

*In re Bluetooth Headset Prods. Liab. Litig.*, 941–42 & 942 n.7 (9th Cir. 2011).

Moreover, "In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) (citations and internal quotation marks omitted).

Here, Laidlaw argues that Edulog's request is unreasonable for two reasons: (1) the total number of hours billed—102.8—is excessive and (2) the rate for attorney's fees billed by Mr. Bull is much higher than the prevailing rate in Montana. Laidlaw's arguments are well-taken. The Court agrees with Laidlaw, at least in principle.

First, as Laidlaw argues, 100 hours is, perhaps, an excessive length of time to work on a single discovery motion, even one that involves several issues. The plaintiffs have litigated this case extensively, so they were not entirely unfamiliar with the issues or facts in this case when they worked on their motion. With that said, Edulog's counsel has thoroughly documented their time and have specifically itemized the various tasks that they worked on. *See* (dkt # 245, 247). As is often the case, the appropriate award lies somewhere between the parties' requests: The Court therefore reduces the attorney work time by 12.5%, which results in a total

of 84.8 hours—73.9 hours for Mr. Bull and 10.9 hours for Mr. Bender and Mr. Cuffe.[1]

Second, the Court agrees with Laidlaw that Mr. Bull's hourly rate should be reduced. Mr. Bender, Edulog's local counsel, writes, "The customary and prevailing hourly rates for Montana attorneys with similar experience, ability, and expertise of [Mr. Bender] and Mr. Cuffe range from $175.00 per hour to $250.00 per hour." Mr. Bender and Mr. Cuffe billed their time for this motion at $175.00 per hour, which they claim is "reasonable in light of the prevailing hourly rates in the local legal community." Mr. Bull has not shown that his "experience, ability, and expertise" warrant a higher rate than Mr. Bender's and Mr. Cuffe's. In an earlier case involving these parties, the Court awarded attorney's fees based on billing rates ranging from $140.00 to $185.00 per hour. The Court sees no reason to deviate from these rates and therefore reduces Mr. Bull's hourly rate from $375.00 per hour to $175.00 per hour.

Given these figures the Court calculates the award for attorney's fees and expenses as follows:

| Mr. Bull's fees | 73.9 hours at $175.00 per hour | $12,932.50 |

---

[1] This calculation excludes the 5.9 hours attributed to the legal assistant.

| | | |
|---|---|---|
| Mr. Bender's & Mr. Cuffe's fees | 10.9 hours at $175.00 per hour | $1,907.50 |
| Legal assistant | 5.9 hours at $100.00 per hour | $590.00 |
| Travel | Airline ticket | $435.40 |
| Total award | | **$15,865.40** |

IT IS ORDERED that the plaintiffs' application for attorney's fees and expenses (dkt # 245) is GRANTED in part. Within ninety (90) days from the date of this order, Laidlaw Transit, Inc., is directed to pay the plaintiffs $15,865.40 as compensation for their attorney's fees and expenses that they incurred as a result of their motion to compel discovery.

Dated this 4th day of April 2012.

/s/ Donald W. Molloy

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT